**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY J. SAMS, | ) | |
| | ) | No. 2:12-cv-00462-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| HERITAGE TRANSPORT INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on plaintiff Timothy J. Sams's (Sams) request for damages following a clerk's entry of default and subsequent default judgment granted by the court against defendant Heritage Transport Inc. (Heritage).

**I.   DISCUSSION**

      The Federal Rules of Civil Procedure allow the court clerk to enter default against a defendant who fails to plead or otherwise defend. Rule 55(b)(2) provides that when a claim is not for a sum certain, the plaintiff must apply to the court for a default judgment. The court, in its discretion, may conduct a hearing to determine the amount of damages to be awarded. See Fed. R. Civ. P. 55(b)(2)(B). This court held a damages hearing on May 29, 2012. Heritage has not made an appearance in this case.

      "Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Sams alleges that on October 25, 2010, he was in an automobile accident with a driver for Heritage as a result of the diver's negligent,

1

reckless, willful, and wanton actions. See Compl. ¶¶ 6-12. The court finds that Sams's allegations, taken as true, establish Heritage's liability for Sams's injuries.

As to the relief requested by Sams, "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). This is a diversity action. In South Carolina, "The trial judge has considerable discretion regarding the amount of damages, both actual or punitive." Austin v. Specialty Transp. Servs., Inc., 594 S.E.2d 867, 873 (S.C. Ct. App. 2004).

Sams makes several claims for actual damages. "Actual damages are awarded to a litigant in compensation for his actual loss or injury." Id. at 874. Such damages "include compensation for all injuries which are naturally the proximate result of the alleged wrongful conduct of the defendant." Id. The elements that are properly considered in determining the amount of actual damages for personal injury include medical expenses, pain and suffering, loss of income and earning power, and loss of enjoyment of life. See Schumacher v. Cooper, 850 F. Supp. 438, 453 (D.S.C. 1994) (citing Watson v. Wilkinson Trucking Co., 136 S.E.2d 286 (S.C. 1964)).

First, Sams seeks recovery of past and future medical expenses. Sams submitted an uncontested expense sheet that totals the charges incurred for medical visits and prescriptions. Sams has not presented evidence of permanent injury or physical limitations, and there is no other evidence of expenses for future medical care. The court therefore awards recovery of medical expenses in the amount of $54,205.42.00.

Next, Sams seeks damages for pain and suffering from October 25, 2010 to May 29, 2012. At the damages hearing, Sams testified that following the accident, he suffered intense neck, shoulder, and back pain, along with injuries to the left side of his body. Sams further testified that he experienced extreme dizziness and muscle spasms. Sams was forced to undergo treatment by an ENT specialist, an orthopedic surgeon, a chiropractor, a neurologist, a physical therapist, and an internal medicine doctor. Sams testified that as a result of the accident, he has experienced difficulty with performing day-to-day tasks such as driving, getting groceries, cooking, cleaning, and opening doors, and has to take frequent naps to cope with his pain.

There is no exact measurement for pain and suffering, and the court is not required to ascertain damages with mathematical precision. Schumacher, 850 F. Supp. at 453. After reviewing the evidence, the court awards damages for pain and suffering in the amount of $125,000.00. This award is based in part on a per diem formula, which courts in South Carolina have allowed juries to consider for illustrative purposes in reaching an award. See Edwards v. Lawton, 136 S.E.2d 708, 711 (S.C. 1964); Howle v. PYA/Monarch, Inc., 344 S.E.2d 157, 164-65 (S.C. Ct. App. 1986).

Sams also seeks damages for loss of enjoyment of life. Under South Carolina law, loss of enjoyment of life is a compensable element of damages separate and apart from pain and suffering. Boan v. Blackwell, 541 S.E.2d 242 (S.C. 2001). Damages for loss of enjoyment of life "compensate for limitations . . . on the injured person's ability to participate in and derive pleasure from the normal activities of

daily life, or for the individual's inability to pursue his talents, recreational interests, hobbies, or avocations." Id. at 244.

At the hearing, Sams testified that in addition to the numerous medical visits he has been forced to undergo as a result of the accident, he has also suffered a loss in the ability to engage in recreational activities he once enjoyed, such as gardening, traveling, walking, and attending cultural events in Charleston. Sams also stated that for a time, he was unable to engage in intimate acts. Based on the evidence, the court awards damages for loss of enjoyment of life in the amount of $100,000.00.[1]

In addition, Sams seeks damages for lost wages and loss of future earnings. These damages are recoverable under South Carolina law, see Wilkinson Trucking Co., 136 S.E.2d at 291, but there is insufficient evidence to permit recovery. Sams testified that between the time he moved to Charleston and the accident, he was not working but planned to begin searching for employment in October or November of 2010. He further testified that at his last job, he was paid $90,000/year. On this basis, Sams seeks lost earnings in the amount of $142,500 for nineteen months of being unable to work. It is speculative whether Sams would have been employed during this period. Therefore, the court finds that there is insufficient evidence to award damages for lost wages or loss of future earnings.

Finally, plaintiff seeks an award of punitive damages. In South Carolina, punitive damages are recoverable and "serve at least three important purposes: (1) punishment of the defendant's reckless, willful, wanton, or malicious conduct; (2)

---

[1] The complaint contains separate claims for "loss of enjoyment of life" and "diminution in . . . ability to perform personal services." See Compl. ¶ 12(c), (e). The court has factored the harm to Sams's ability to perform personal services in its award of damages for loss of enjoyment of life.

4

deterrence of similar future conduct by the defendant or others; and (3) compensation for the reckless or willful invasion of the plaintiff's private rights." Austin, 594 S.E.2d at 874-75 (citing Clark v. Cantrell, 529 S.E.2d 528 (S.C. 2000)). The plaintiff bears the burden of proving punitive damages by clear and convincing evidence. S.C. Code Ann. § 15-33-135.

Evidence of a statutory violation presents a factual question as to whether punitive damages should be awarded. See Wise v. Broadway, 433 S.E.2d 857, 859 (S.C. 1993). Here, the evidence presented by Sams, taken as true, subjects Heritage to liability for violating various sections of the South Carolina Code Annotated, including Sections 56-5-1930 (following too closely), 56-5-1520(A) (general rules as to maximum speed limits and when lower speeds may be required), and 56-5-2920 (reckless driving). "Violation of a statute does not constitute recklessness, willfulness, and wantonness *per se*, but is some evidence that the defendant acted recklessly, willfully, and wantonly," requiring submission of the issue of punitive damages to the trier of fact. See Wise, 433 S.E.2d at 859. In this case, the court finds that Heritage, by and through its employee, acted recklessly in causing the accident that injured Sams. Therefore, an award of punitive damages is appropriate.

In assessing punitive damages, there is no formula or standard, but courts may consider certain factors such as:

> (1) the character of the defendant's acts;
> (2) the nature and extent of the harm to plaintiff which defendant caused or intended to cause;
> (3) defendant's degree of culpability;
> (4) the punishment that should be imposed;
> (5) duration of the conduct;
> (6) defendant's awareness or concealment;

>(7) the existence of similar past conduct;
>(8) likelihood the award will deter the defendant or others from like conduct;
>(9) whether the award is reasonably related to the harm likely to result from such conduct; and
>(10) defendant's wealth or ability to pay.

Austin, 594 S.E.2d at 875 (citing Gamble v. Stevenson, 406 S.E.2d 350 (S.C. 1991)). "[T]he trial court is not required to make findings of fact for each factor . . . ." Welch v. Epstein, 536 S.E.2d 408, 422 (S.C. Ct. App. 2000).

The evidence shows that the driver for Heritage was driving an overloaded tractor trailer at an excessive speed while riding on a wet, busy, and crowded interstate highway. Sams testified that he had slowed down because of traffic congestion just prior to being read-ended by defendant's truck. A police report filed after the accident states, "the driver of Unit #2, driving too fast for conditions, struck Unit #1 in the rear." Sams stated that after the accident, the driver for Heritage approached Sams and said, "I'm the driver of the semi that hit you, and I'm sorry for hitting you, but I had no other choice because my load is full and I was going downhill and the road was slightly wet, so it was either hit you or hit my brakes and take everybody out. So I chose to hit you."

Given Heritage's driver's degree of culpability, the extent of harm caused by Heritage, the relationship between the conduct and the harm reasonably related to it, and the likelihood that the award will deter Heritage and others from similar conduct, the court awards punitive damages against Heritage in the amount of $100,000.00.

## II.  CONCLUSION

Based on the foregoing, the court **GRANTS** default judgment against defendant in the amount of $279,205.42 in actual damages and $100,000.00 in punitive damages, plus prejudgment interest at the applicable rate.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 11, 2012**
**Charleston, South Carolina**