IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY J. SAMS,            ) | |
| ) | No. 2:12-cv-00462-DCN |
| Plaintiff,       ) | |
| ) | |
| vs.                         ) | |
| ) | **ORDER** |
| HERITAGE TRANSPORT, INC.,   ) | |
| ) | |
| Defendant.       ) | |
| ) | |

This matter is before the court on defendant Heritage Transport, Inc.'s motion to set aside default judgment. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This case arises out of an automobile accident that occurred in Lexington County, South Carolina on October 25, 2010, when plaintiff was rear-ended on the interstate by a tractor trailer operated by a driver for defendant. See Compl. ¶ 7. Plaintiff Timothy J. Sams, a South Carolina resident, brought this diversity action against defendant Heritage Transport, Inc. (Heritage), a California corporation with its principal place of business in California, on February 17, 2012. Id. ¶¶ 1-2. The summons and complaint were mailed to Heritage on February 21, 2012 by certified mail, return receipt requested, at the following address: Mr. Baljit Singh, Registered Agent, 3855 Skofstad Street, Apt. 29, Riverside, CA 92505.[1]  ECF No. 4.  Ms. Irene Singh received service on March 2, 2012 and signed the return receipt. ECF No. 5.

---

[1] Heritage's filing with the California Secretary of State lists Baljit Singh as the agent for service of process and the corporate address as 3855 Skofstad Street, Apt. 29, Riverside, CA 92505. See ECF No. 21-6.

1

Because Heritage did not file a timely answer, on March 29, 2012, Sams moved the clerk for an entry of default. The clerk entered default the same day.

On April 4, 2012, Sams filed a motion for default judgment, which the court granted on April 18, 2012. The court held a damages hearing on May 29, 2012, during which Sams testified about the accident and presented evidence regarding his injuries. Two notices of the hearing—which was originally set for May 29, 2012 at 11:00 a.m. and then rescheduled for May 29, 2012 at 10:30 a.m.—were mailed by the clerk's office to Mr. Singh's address. See ECF Nos. 11, 13. On June 11, 2012, the court awarded Sams $279,205.42 in actual damages and $100,000 in punitive damages, plus prejudgment interest. ECF No. 17. The same day, the clerk's office mailed notice of the default judgment to Mr. Singh's address. See ECF No. 19. On June 14, 2012, Ms. Singh again accepted delivery and signed a return receipt. See ECF No. 20. On June 25, 2012, Heritage made its first appearance in court by moving to quash service of the summons and complaint and to set aside the entry of default and default judgment. The court held a hearing on this motion on September 5, 2012.[2]

## II.  DISCUSSION

In support of its motion for relief from default, Heritage claims that its registered agent for service of process, Baljit Singh, did not receive proper service of

---

[2] At the hearing, the court stated that unless the parties decided to participate in mediation, defendant would have fifteen days from the date of the hearing to file a supplemental brief regarding service of process under California law, and plaintiff would have fifteen days to respond. The court was informed that the parties would attempt to mediate the case "pronto," see Hr'g Tr., Sept. 5, 2012, 39:11-13, and therefore did not order supplemental briefing. Having learned that mediation did not take place until March 22, 2013 and was unsuccessful, the court now finds it appropriate to rule on the motion.

the summons and complaint because delivery was not restricted to the addressee. Mr. Singh's wife, Irene Singh, signed the return receipt, but Heritage contends she is not authorized to accept service on behalf of the corporation. As such, Heritage asks that service of the summons and complaint be quashed. Alternatively, Heritage requests that the court grant relief from default based on excusable neglect.

### A. Whether Service Was Sufficient Under Rule 4

Federal Rule of Civil Procedure 4(h) governs service on a corporation. It states,

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; *or*
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h) (emphasis added). Under Rule 4(h), Sams had two primary options for effecting service on Heritage: as provided under Rule 4(e)(1), or by "delivering" a copy of the summons and complaint to an officer or agent authorized to receive service.

3

### 1. Rule 4(h)(1)(B)

Sams did not comply with Rule 4(h)(1)(B). Courts have held that Rule 4(h)(1)(B) "clearly requires **personal** delivery," i.e., attempted service by mail is not enough. Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 602 (D.N.J. 2003); see Technologists, Inc. v. MIR's Ltd., 725 F. Supp. 2d 120, 127 (D.D.C. 2010). Sams did not personally serve the summons and complaint on an officer or agent of Heritage. Therefore, service was not made under Rule 4(h)(1)(B).

### 2. Rule 4(h)(1)(A)

In the alternative, Sams argues that he satisfied Rule 4(h)(1)(A). Rule 4(h)(1)(A) requires service in compliance with Rule 4(e)(1). Rule 4(e)(1), which governs service on an individual, states that service may be accomplished "by following state law for serving a summons in a civil action brought in courts of general jurisdiction in the state where the district court is located *or* where service is made." Fed. R. Civ. P. 4(e)(1) (emphasis added). Under Rule 4(e)(1), service could have been effected by following the law of either South Carolina (where the district court is located) or California (where service was made).

South Carolina Rule of Civil Procedure 4(d)(8) authorizes service by certified mail as follows:

> **Service by Certified Mail**. Service of a summons and complaint upon an . . . [individual, corporation, or partnership] . . . may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, *by registered or certified mail, return receipt requested and delivery restricted to the addressee*. Service is effective upon the date of delivery as shown on the return receipt.

S.C. R. Civ. P. 4(d)(8) (emphasis added).

4

Courts have not required stringent compliance with the requirements of South Carolina Rule 4(d)(8).  In Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413 (4th Cir. 2010), the Fourth Circuit wrote,

> Hoover Universal claims that the service of process was flawed because the delivery was not restricted to the addressee, but this argument is unpersuasive.  The South Carolina Supreme Court has noted that it will not require "exacting compliance" with the rules related to service of process. Roche v. Young Bros., Inc. of Florence, 318 S.C. 207, 209-10, 456 S.E.2d 897 (1995).  Instead, the court inquires into "whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings."  Id. at 210, 456 S.E.2d 897.

Colleton, 616 F.3d at 421 n.9.  In Roche, the case cited by Colleton, the South Carolina Supreme Court specifically stated that South Carolina Rule 4(d)(8) "simply does not require the specific addressee to sign the return receipt."  456 S.E.2d at 900.

Here, the question is whether Sams sufficiently complied with South Carolina Rule 4(d)(8) such that this court has personal jurisdiction over Heritage and Heritage had notice of the proceedings.  The court has personal jurisdiction over Heritage because it "'purposefully directed' [its] activities at residents of the forum" by transacting business in South Carolina and operating a vehicle for business purposes in South Carolina.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)).  In addition, Sams's cause of action "'arise[s] out of or relate[s] to' those activities."  Id. (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

Moreover, under Colleton and Roche, Sams sufficiently complied with South Carolina Rule 4(d)(8) by mailing a copy of the summons and complaint, by certified

mail with return receipt requested, to the registered agent for Heritage at the address listed in its filing with the California Secretary of State. See ECF No. 21-6 (filing with the California Secretary of State listing Baljit Singh as Heritage's agent for service of process and the corporate address as 3855 Skofstad Street, Apt. 29, Riverside, CA 92505). Finally, Sams has offered plentiful evidence showing that Heritage had notice of the proceedings. See ECF No. 35-1 (October 2010 notice to the driver of the tractor trailer involved in the accident that Sams was being represented by counsel, with carbon copy sent to Mr. Singh's address); ECF No. 35-2 (November 2010 letter to Heritage's insurance claims adjuster regarding request for official police report); ECF No. 5 (affidavit of service of summons and complaint on February 24, 2012 at Mr. Singh's address); ECF Nos. 11, 13, 19 (notices mailed to defendant between April and June 2012 by clerk's office to Mr. Singh's address); ECF No. 20 (return receipt signed on June 14, 2012 by Ms. Singh demonstrating delivery of default judgment notice). Because South Carolina Rule 4(d)(8), as interpreted by the South Carolina Supreme Court, "does not require the specific addressee to sign the return receipt," Roche, 456 S.E.2d at 900, the court finds that service was sufficient.

   South Carolina Rule 4(d)(8) additionally states, "Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant." The South Carolina Supreme Court has interpreted this sentence as requiring a defendant to demonstrate that the return receipt was signed by an unauthorized person

in order to set aside a default judgment. Roche, 456 S.E.2d at 900. Heritage argues that service should be quashed because Ms. Singh was not authorized to accept service.

Defendant makes no argument why this portion of the South Carolina Rule should trump the Federal Rules governing entries of default and default judgment and setting aside such entries. See Fed. R. Civ. P. 55 (stating that a court may set aside an entry of default for good cause, and may set aside a default judgment under Rule 60(b)). The Federal Rules, specifically Rules 4(h)(1)(A) and (e)(1), only look to state law for "serving a summons." As stated above, Sams sufficiently complied with South Carolina Rule 4(d)(8) for service of the summons and complaint; therefore, under the Federal Rules, service was proper and so was the entry of default and default judgment. See Md. State Fireman's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

For these reasons, the court finds that Heritage was properly served, and denies Heritage's request that the court quash service of the summons and complaint.[3]

---

[3] Sams had the option of complying with "state law for serving a summons . . . where service is made," i.e., California law. Fed. R. Civ. P. 4(e)(1). California Code of Civil Procedure § 415.30(a) provides,

> A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

Cal. Civ. Proc. Code § 415.30(a). The court agrees with defendant that Sams did not sufficiently comply with the California Rule governing service by mail. It does not appear

### B.  Whether Heritage Has Shown Excusable Neglect Under Rule 60

Heritage alternatively seeks relief from judgment under Rule 60(b).

In support of its motion for relief, Heritage cites the standard governing relief from entry of default under Rule 55(c).  "Although [the Fourth Circuit] ha[s] analyzed Rule 55(c) and Rule 60(b) motions using the same factors, the burden on a movant seeking relief under the two rules is not the same."  Colleton, 616 F.3d at 420 (citation omitted).  "[T]he standard to obtain relief from a default judgment under Rule 60(b) is higher than that required for relief from entry of default under Rule 55(c)."  Adams v. Object Innovation, Inc., No. 11-272, 2011 WL 7042224, at *1 n.2 (E.D. Va. Dec. 5, 2011).  "Rule 60(b) motions request relief from judgment, which implicates an interest in finality and repose, a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered."  Colleton, 616 F.3d at 420 (citation and internal quotation marks omitted) (calling the "more onerous" Rule 60(b) standard one of "excusable neglect" rather than simply "good cause").  In deciding a motion for relief from default,

> [A] district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

---

that Sams mailed a copy of the summons and complaint along with two copies of a notice and acknowledgment form and pre-paid return envelope.  Therefore, Sams did not comply with § 415.30(a).  See Berry v. Evans, No. 06-3795, 2007 WL 1342544, at *1 (N.D. Cal. May 8, 2007) (holding that although defendants were mailed the summons and complaint, there was no indication that defendants were mailed the notice and acknowledgement of receipt forms and prepaid return envelopes, thus the service by mail did not comport with California law or Federal Rule 4(e)(1)).

Here, Heritage has not established that existence of a meritorious defense. In granting default judgment, this court found as follows:

> The evidence shows that the driver for Heritage was driving an overloaded tractor trailer at an excessive speed while riding on a wet, busy, and crowded interstate highway. Sams testified that he had slowed down because of traffic congestion just prior to being rear-ended by defendant's truck. A police report filed after the accident states, "the driver of Unit #2, driving too fast for conditions, struck Unit #1 in the rear." Sams stated that after the accident, the driver for Heritage approached Sams and said, "I'm the driver of the semi that hit you, and I'm sorry for hitting you, but I had no other choice because my load is full and I was going downhill and the road was slightly wet, so it was either hit you or hit my brakes and take everybody out. So I chose to hit you."

Order, June 11, 2012, ECF No. 17. Faced with these findings, Heritage argues that Rico Garcia, a claims administrator, investigated Sams's claim following the accident and "found that liability was contested and disputed by the driver for Defendant Heritage." Def.'s Reply 5. This statement does not provide a defense for Heritage, especially given that the testimony at the damages hearing established that the driver of the tractor trailer admitted liability at the scene of the accident. In addition, defendant has not produced an affidavit from the tractor trailer driver stating that he was not responsible for the accident, so Mr. Garcia's "statement" is obviously hearsay and must be disregarded.

Moreover, Heritage has not acted with reasonable promptness; instead, it is responsible for the default. Heritage offers the affidavit of Mr. Singh, who states he was in India from February 14 through March 14, 2012 and could not have received the summons or complaint. ECF No. 38-2 ¶ 6. This argument ignores the fact that when Mr. Singh returned to California on March 14, 2012, he had one week

remaining to meet the deadline for filing an answer or responsive pleading. In addition, after Mr. Singh returned to California, the clerk's office mailed three separate notices to his address. See ECF Nos. 11, 13, 19. None of these notices were returned to the clerk's office.

Mr. Singh also states that although Ms. Singh signed for delivery of the certified mail containing the summons and complaint, she never told Mr. Singh about the mailing and was unauthorized to sign for it. Id. ¶¶ 7-10. However, this is not the only mailing signed for by Ms. Singh at the 3855 Skofstad Street address, which is listed in filings with the California Secretary of State as the address of both Heritage's "principal executive office" and "principal business office." ECF No. 38-1 at 7. In June 2012, when the clerk's office sent by certified mail a notice of the default judgment entered against Heritage to the 3855 Skofstad Street address, none other than Ms. Singh accepted delivery and signed the return receipt. ECF No. 20. This was done even though Mr. Singh had returned from his trip to India in March. This evidence contradicts Heritage's position that Ms. Singh was unauthorized to sign for certified mail sent to Heritage at the 3855 Skofstad Street address. Instead, the evidence shows she does so regularly.

Finally, Sams would be prejudiced if the court were to grant relief from the default judgment, as he has been diligent in pursuing this action and has an interest in finality and repose. See Colleton, 616 F.3d at 420.

Heritage cannot play ostrich and hide its head in the sand until an adverse judgment has been entered. Because Heritage has not shown excusable neglect or a meritorious defense, the court finds that relief from default is not warranted.

### III.   CONCLUSION

Based on the foregoing, the court **DENIES** defendant's motion to quash service and to set aside entry of default and default judgment.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 29, 2013**
**Charleston, South Carolina**