**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| TIMOTHY J. SAMS,            ) | |
| ) | No. 2:12-cv-00462-DCN |
| Plaintiff,      ) | |
| ) | |
| vs.                        ) | |
| ) | **ORDER** |
| HERITAGE TRANSPORT, INC.,   ) | |
| ) | |
| Defendant.     ) | |
| ) | |

This matter is before the court on defendant's motion for reconsideration of this court's March 29, 2013 order denying Heritage's motion to set aside default judgment. For the reasons set forth below, the court denies Heritage's motion for reconsideration.

## I.  BACKGROUND

This case arises out of an automobile accident that occurred in Lexington County, South Carolina on October 25, 2010, when plaintiff's car was rear-ended on the interstate by a tractor trailer operated by a driver for defendant. See Compl. ¶ 7.  Plaintiff Timothy J. Sams, a South Carolina resident, brought this diversity action against defendant Heritage Transport, Inc. (Heritage), a California corporation with its principal place of business in California, on February 17, 2012.  Id. ¶¶ 1-2.  The summons and complaint were mailed to Heritage on February 21, 2012 by certified mail, return receipt requested, at the following address: Mr. Baljit Singh, Registered Agent, 3855 Skofstad Street, Apt. 29, Riverside, CA 92505.[1]  ECF No. 4.  Ms. Irene Singh received service on March 2, 2012 and signed the return receipt.  ECF No. 5.  Because Heritage did not file a timely

---

[1] Heritage's filing with the California Secretary of State lists Baljit Singh as the agent for service of process and the corporate address as 3855 Skofstad Street, Apt. 29, Riverside, CA 92505.  See ECF No. 21-6.

1

answer, on March 29, 2012, Sams moved for an entry of default. The clerk entered default the same day.

On April 4, 2012, Sams filed a motion for default judgment, which the court granted on April 18, 2012. The court held a damages hearing on May 29, 2012, during which Sams testified about the accident and presented evidence regarding his injuries. Two notices of the hearing—which was originally set for May 29, 2012 at 11:00 a.m. and then rescheduled for May 29, 2012 at 10:30 a.m.—were mailed by the clerk's office to Mr. Singh's address. See ECF Nos. 11, 13. Heritage made no appearance. On June 11, 2012, the court awarded Sams $279,205.42 in actual damages and $100,000 in punitive damages, plus prejudgment interest. ECF No. 17. The same day, the clerk's office mailed notice of the default judgment to Mr. Singh's address. See ECF No. 19. On June 14, 2012, Ms. Singh accepted delivery and signed a return receipt.[2] See ECF No. 20.

On June 25, 2012, Heritage made its first appearance by moving to quash service of the summons and complaint and to set aside the entry of default and default judgment. The court held a hearing on this motion on September 5, 2012. On March 29, 2013, the court issued an order denying the motion for relief from default.

On April 26, 2013, Heritage filed a motion under Federal Rule of Civil Procedure 59(e) for reconsideration of the court's March 29, 2013 order denying relief from default.

## II. STANDARD

Federal Rule of Civil Procedure 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The Fourth Circuit recognizes "only

---

[2] Heritage claims it first received notice of this matter on June 14, 2012, although on that date, it was again Ms. Singh that accepted service.

three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, No. 11-cv-187, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, No. 06-cv-956, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007).

### III.   DISCUSSION

Heritage moves for reconsideration under Rule 59(e) on the ground that the court made a clear error of law resulting in manifest injustice.

**A. The Court's March 29, 2013 Order**

In its prior order, the court conducted an extensive examination of whether Sams properly served the summons and complaint on Heritage. Federal Rule of Civil Procedure 4(h) governs service on a corporation. It states in part that service on a domestic corporation may be made in the manner prescribed by Rule 4(e)(1) for service on an individual. See Fed. R. Civ. P. 4(h)(1)(A). Under Rule 4(e)(1), an individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. The court found that

Sams complied with South Carolina Rule of Civil Procedure 4(d)(8), which authorizes service by certified mail. Heritage contends this holding was clearly erroneous.

### B. South Carolina Rule of Civil Procedure 4(d)(8)

South Carolina Rule 4(d)(8) provides that service may be made "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C. R. Civ. P. 4(d)(8). South Carolina courts have not required stringent compliance with the requirements of South Carolina Rule 4(d)(8). See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 n.9 (4th Cir. 2010); Roche v. Young Bros., Inc. of Florence, 456 S.E.2d 897, 899 (S.C. 1995). In addition, the South Carolina Supreme Court has stated that Rule 4(d)(8) "simply does not require the specific addressee to sign the return receipt." Roche, 456 S.E.2d at 900. The fundamental question is "whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." Colleton, 616 F.3d at 421 n.9.

### C. Analysis

In its March 29, 2013 order, the court found that it has personal jurisdiction over Heritage. In addition, the court found that Heritage was given satisfactory notice of the proceedings:

> [U]nder Colleton and Roche, Sams sufficiently complied with South Carolina Rule 4(d)(8) by mailing a copy of the summons and complaint, by certified mail with return receipt requested, to the registered agent for Heritage at the address listed in its filing with the California Secretary of State. See ECF No. 21-6 (filing with the California Secretary of State listing Baljit Singh as Heritage's agent for service of process and the corporate address as 3855 Skofstad Street, Apt. 29, Riverside, CA 92505). Finally, Sams has offered plentiful evidence showing that Heritage had notice of the proceedings. See ECF No. 35-1 (October 2010 notice to the

4

>driver of the tractor trailer involved in the accident that Sams was being represented by counsel, with carbon copy sent to Mr. Singh's address); ECF No. 35-2 (November 2010 letter to Heritage's insurance claims adjuster regarding request for official police report); ECF No. 5 (affidavit of service of summons and complaint on February 24, 2012 at Mr. Singh's address); ECF Nos. 11, 13, 19 (notices mailed to defendant between April and June 2012 by clerk's office to Mr. Singh's address); ECF No. 20 (return receipt signed on June 14, 2012 by Ms. Singh demonstrating delivery of default judgment notice). Because South Carolina Rule 4(d)(8), as interpreted by the South Carolina Supreme Court, "does not require the specific addressee to sign the return receipt," Roche, 456 S.E.2d at 900, the court finds that service was sufficient.

Order, Mar. 29, 2013, ECF No. 44 at 5-6. By rehashing arguments previously raised, Heritage has not persuaded the court that these findings were clearly erroneous.

Although it concedes that Colleton and Roche plainly state that the South Carolina Supreme Court has "never required exacting compliance with the rules to effect service of process," Heritage now contends that the court's reliance on Roche was "misplaced." Def.'s Mem. Supp. Mot. Recons. 6. Heritage recites language from Roche wherein the South Carolina Supreme Court stated that "[s]ervice by mail cannot be the basis for a default judgment unless the return receipt shows 'acceptance by the *defendant*.'" Roche, 456 S.E.2d at 900 (quoting S.C. R. Civ. P. 4(d)(8)). Relying on this language, Heritage argues that service should be quashed because Ms. Singh was not authorized to accept service and, therefore, there was no "acceptance by the defendant." However, Heritage once again fails to explain why the portion of South Carolina Rule 4(d)(8) governing default judgments should trump the Federal Rules governing entries of default and default judgment. Rule 4(e)(1) of the Federal Rules only looks to state law for service of a summons, *not* for whether the court may grant default judgment. See

Order, Mar. 29, 2013, ECF No. 44 at 7.  Again, Heritage has not demonstrated that the court's order was clearly erroneous.

For these reasons, the court denies Heritage's motion for reconsideration under Rule 59(e).[3]

### IV.   CONCLUSION

Based on the foregoing, the court **DENIES** defendant's motion for reconsideration.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 15, 2013**
**Charleston, South Carolina**

---

[3] Heritage alternatively moves for relief from the judgment under Federal Rule of Civil Procedure 60(b).  Heritage has already moved for relief from default under Rule 60(b), and the court denied Heritage's motion, finding that Heritage did not act promptly, that Heritage did not establish a meritorious defense, and that Sams would be prejudiced if the court granted relief from default.  Heritage now moves for reconsideration of that ruling, arguing that the court's findings were "without merit."  Def.'s Mem. Supp. Mot. Recons. 13.  Heritage misstates the standard for reconsideration under Rule 59(e), which is whether the court's previous ruling was clearly erroneous.  By regurgitating the arguments asserted in its previous Rule 60(b) motion, Heritage has not shown that the court's findings were clearly erroneous, only that it continues to disagree with those findings.  Having already presented a full analysis of Heritage's arguments in its March 29, 2013 order, the court finds it unnecessary to grind that corn again.